UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,
    *Plaintiff*,

v.

UNDREA KIRKLAND,
    *Defendant.*

No. 3:20-cr-126 (VAB)

**RULING AND ORDER ON MOTION TO REDUCE SENTENCE**

Undrea Kirkland ("Defendant"), *pro se*, has moved to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821, Part B, to the United States Sentencing Guidelines. Mot. to Reduce Sentence, ECF No. 591 (Oct. 23, 2023) ("Mot.").

The Government objects to this motion. Opp'n to Mot. to Reduce Sentence, ECF No. 598 (Oct. 28, 2023) ("Opp'n").

The United States Probation Office ("Probation") filed an addendum to its presentence investigation report indicating that Mr. Kirkland "is ineligible for a sentence reduction [under] 18 U.S.C. § 3582(c)(2) and the retroactive application of Amendment 821, Part A or Part B (subpart 1)." Amendment 821 Addendum to Presentence Report at 1, ECF No. 619 (Feb. 23, 2024) ("PSR Addendum").

For the reasons set forth below, Mr. Kirkland's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 is **DENIED**.

**I.    BACKGROUND**

On April 12, 2019, Mr. Kirkland was arrested by state authorities for an attempted murder that occurred on February 27, 2018. Presentence Report ¶ 6, ECF No. 464 (Mar. 14, 2022) ("PSR").

1

On February 16, 2021, a grand jury returned a multi-count indictment against Mr. Kirkland and several co-conspirators, which, in part, charged Mr. Kirkland with conspiracy to engage in a pattern of racketeering activity, in violation of 18 U.S.C § 1962(d). Superseding Indictment ¶¶ 1–11, ECF No. 92 (Feb. 16, 2021). The February 27, 2018 attempted murder was included as one of the overt acts committed in furtherance of the conspiracy. *Id*. ¶ 12.

On September 16, 2021, Mr. Kirkland pled guilty to that offense. Plea Agreement, ECF No. 266 (Sept. 16, 2021) ("Plea").

On April 22, 2022, Judge Janet Arterton sentenced Mr. Kirkland to a term of imprisonment of 210 months and a three-year term of supervised release. Min. Entry, ECF No. 519 (Apr. 22, 2022); Judgment, ECF No. 520 (Apr. 22, 2022).

On October 23, 2023, Mr. Kirkland filed a motion to reduce his sentence. Mot.

On October 26, 2023, Mr. Kirkland's case was transferred to this Court. Order of Transfer, ECF No. 595 (Oct. 26, 2023).

On October 28, 2023, the Government filed its opposition to Mr. Kirkland's motion. Opp'n.

On February 23, 2024, Probation filed an addendum to its presentence investigation report in accordance with the district's standing order on petitions for retroactive application of Amendment 821 to the sentencing guidelines. PSR Addendum; *see also* Standing Order re: Petitions for Retroactive Application of Sentencing Guidelines Amendment 821 (D. Conn. Nov. 30, 2023).

## II.   STANDARD OF REVIEW

Under 18 U.S.C. § 3582(c)(2), "a federal court may reduce a defendant's sentence if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that

has subsequently been lowered by the Sentencing Commission when that modification is made retroactive." *United States v. Elendu*, No. 20-CR-179-14 (DLC), 2024 WL 458643, at *2 (S.D.N.Y. Feb. 6, 2024) (citing *United States v. Martin*, 974 F.3d 124, 136, 139 (2d Cir. 2020)).

Courts must arrive at two conclusions before applying a retroactive guidelines amendment to a particular sentence: (1) "the court must find that a defendant is eligible for a reduction"; and (2) "the court, in its discretion, must find that a reduction is merited." *United States v. Blackwell*, No. 3:20-CR-126-4 (OAW), 2024 WL 489155, at *1 (D. Conn. Feb. 8, 2024) (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

### III.  DISCUSSION

"Amendment 821 went into effect on November 1, 2023, and was made retroactive by the United States Sentencing Commission." *United States v. Akintola*, No. 21 CR. 472-3 (KPF), 2024 WL 1555304, at *13 (S.D.N.Y. Apr. 10, 2024) (citing U.S.S.G. § 1B1.10(d)). "Part B of Amendment 821 — the part relevant here — provides for resentencing and a two-level decrease in the Offense Level where: (i) a defendant had no criminal history points at sentencing, and (ii) a defendant's offense did not include any of the nine disqualifying factors listed in Section 4C1.1(a) . . . ." *Id*. (citing U.S.S.G. § 4C1.1(a)(1)–(10)); *see also United States v. Sardarova*, No. 20 CR. 681 (JPC), 2024 WL 259775, at *1 (S.D.N.Y. Jan. 12, 2024) ("Amendment 821 added U.S.S.G. § 4C1.1, which provides a two-point offense level reduction for certain so-called 'zero-point offenders,' *i.e.*, defendants who have no criminal history points under Chapter Four, Part A, of the Guidelines.").

To be eligible for a sentence reduction under Part B of Amendment 821, a defendant must meet all of the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;

>(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
>(3) the defendant did not use violence or credible threats of violence in connection with the offense;
>(4) the offense did not result in death or serious bodily injury;
>(5) the instant offense of conviction is not a sex offense;
>(6) the defendant did not personally cause substantial financial hardship;
>(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
>(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
>(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848 . . . .

U.S.S.G. § 4C1.1.

Mr. Kirkland argues that § 4C1.1 has the effect of lowering his guideline range, and thus reducing his sentence. Mot. at 1. He also argues that a reduction of his sentence is warranted because he is rehabilitated. *Id*.

In response, the Government argues—and Probation agrees—that Mr. Kirkland does not meet the criteria for a sentence reduction. Opp'n at 3; PSR Addendum at 1, 3. Specifically, the Government argues that, although Mr. Kirkland did not receive any criminal history points, he used violence in connection with the offense, the offense resulted in serious bodily injury, and he possessed a firearm in connection with the offense. Opp'n at 3–4.

The Court agrees.

In his plea agreement with the government, Mr. Kirkland stipulated to having committed "acts of violence against rival street gangs," specifically, three attempted murders on May 22, 2015, February 27, 2018, and October 4, 2018. Plea at 5.

4

On May 22, 2015, Mr. Kirkland shot at an individual with a handgun and struck him in the buttocks, back, abdomen, and wrist. PSR ¶ 18; *see also* Statement of Reasons, ECF No. 529 (May 3, 2022) (indicating that the presentence investigation report was adopted without change). Two levels were added to Mr. Kirkland's offense level for the victim's serious bodily injury as defined in §1B1.1. *Id*. ¶ 39; *see also* U.S.S.G. §1B1.1 cmt. n.1(M) (defining "serious bodily injury" as an "injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation").

On February 27, 2018, Mr. Kirkland fired a handgun into a deli, shooting a patron in the buttocks and another individual in the arm. PSR ¶¶ 20–21.

On October 4, 2018, Mr. Kirkland fired several rounds from a Glock pistol with a drum magazine. *Id*. ¶ 25–26. One individual was taken to the hospital with a gunshot wound to the buttocks, a bullet fragment in his foot, and requiring a partial amputation of a finger. *Id*. ¶ 25. Two levels were added to Mr. Kirkland's offense level for this victim's serious bodily injury as defined in §1B1.1. *Id*. ¶ 51. A resident of a nearby home also was shot in the back after a bullet went through his wall and the refrigerator that the resident was hiding behind after hearing the shots. *Id*. ¶ 27.

Each of these overt acts, acts underlying the racketeering conspiracy that Mr. Kirkland pled guilty to, involved violence, *see* § 4C1.1(a)(3) ("the defendant did not use violence"), the use of a firearm, *see* § 4C1.1(a)(7) ("the defendant did not possess . . . a firearm"), and two of the acts resulted in serious bodily injury, *see* § 4C1.1(a)(4) ("the offense did not result in death or serious bodily injury"). Thus, Mr. Kirkland does not meet all of the criteria set forth under U.S.S.G. § 4C1.1 and is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and

Amendment 821. *See United States v. Ewing*, No. S6 14 CR 604-1 (VB), 2024 WL 1250685, at *1 (S.D.N.Y. Mar. 21, 2024) (noting that a defendant did not qualify for a sentence reduction under Part B of Amendment 821 where he "used violence or credible threats of violence in connection with the offense, the offense resulted in death or serious bodily injury, and he possessed a firearm in connection with the offense" (citing U.S.S.G. § 4C1.1(a)(3), (a)(4), (a)(7))).

And because Mr. Kirkland is ineligible for a sentence reduction under Amendment 821, the Court need not analyze the factors set forth in section 3553(a). *See, e.g.*, *United States v. Beltre*, No. 3:16-CR-42-1 (VDO), 2024 WL 1424557, at *2 (D. Conn. Apr. 3, 2024) (declining to weigh the factors set forth in section 3553(a) after determining that the defendant was ineligible for a sentence reduction).

Accordingly, the Court will deny Mr. Kirkland's motion for a sentence reduction.

## IV. CONCLUSION

For the reasons explained above, Mr. Kirkland's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 is **DENIED**.

**SO ORDERED** at New Haven, Connecticut, this 3rd day of May, 2024.

                                          /s/ Victor A. Bolden
                                          Victor A. Bolden
                                          United States District Judge